HENRY GRAHAM, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY, Respondent.

1. ELEVATED RAILROAD — OMISSION TO FURNISH PASSENGER A SAFE PLACE TO RIDE — NEGLIGENCE. Proof of the omission of an elevated railroad company to furnish a safe place to ride to a passenger whom, by stopping its train at his station of embarkation and by express invitation of its employee, it has invited to take passage, is evidence tending to show negligence on its part.

2. FAILURE TO KEEP GATES OF CAR PLATFORM CLOSED. The failure of an elevated railroad company to keep the gates of a car platform closed while the car is in motion, as required by statute, is evidence of its negligence towards a passenger who is injured while trying to save himself from being pushed from the platform by a movement of a crowd occasioned by acts of the company's employee.

3. EXPOSURE OF PASSENGER TO DANGER. The exposure of a passenger to danger, which the exercise of a reasonable foresight would have anticipated and due care avoided, is negligence on the part of a carrier.

4. OVERCROWDING CARS. Whether the overcrowding of railroad cars is negligence is a question of fact.

5. OVERCROWDED CARS — PASSENGER RIDING ON PLATFORM — QUESTION OF CONTRIBUTORY NEGLIGENCE. When a passenger has, by invitation of the company, boarded an elevated railroad train, and been compelled to ride upon a car platform because the crowded condition of the car prevented his occupying any other position, his relation of a passenger upon that train is not changed by his momentarily stepping off to permit another to alight at a station; and his return to the car platform to continue his journey, although he then knows his position upon the platform to be dangerous, does not, of itself, render him guilty of contributory negligence as matter of law..

6. ACT OF RAILROAD EMPLOYEE LEADING TO ACT OF PASSENGER RESULTING IN INJURY — QUESTION OF CONTRIBUTORY NEGLIGENCE. If the action of an employee of an elevated railroad company occasions an unusual movement by a crowd upon a car platform, which naturally induces a passenger riding on the platform, because there is no room inside the car, to grasp the platform railing backwards, whereby he is injured through the railings of that and of the next car coming nearly together on the train's rounding a curve, the action of the employee is an element which tends to render the question of the injured passenger's contributory negligence one for the jury.

7. RIGHTS OF PASSENGER RIDING ON PLATFORM. Even if a passenger who rides upon the platform of a crowded elevated railroad car, because there is no room inside, assumes the ordinary risks which attend riding on

the platform, he has a right to assume that the company's servants will cause no unusual disturbance of the crowd, and that the cars are so constructed as not to render his position dangerous from their proxmity to each other in passing over any portion of the road, or at least if such danger exists that he will be apprised of it.

*Graham* v. *Manhattan Ry. Co.*, 8 Misc. Rep. 305, reversed.

(Argued April 16, 1896; decided April 28, 1896.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered June 6, 1894, upon an order made at the May term, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court at a Trial Term directing the dismissal of the complaint, and also affirmed an order denying a motion to set aside the direction and for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gilbert D. Lamb* for appellant. It is error to dismiss the complaint on the trial if it appears that, from the evidence produced, different minds might draw different conclusions. (*Clemence* v. *City of Auburn*, 66 N. Y. 334; *Smith* v. *Coe*, 55 N. Y. 678; *Harris* v. *Perry*, 89 N. Y. 308; *Kelly* v. *P. H. E. Co.*, 51 N. Y. S. R. 549; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 N. Y. 464.) The plaintiff was free from contributory negligence, and did not take the risk of the injury from the peculiar situation at the corner of Fifty-third street and Sixth avenue. At least, that was a question for the jury. (*T., etc., S. R. Co.* v. *Boudron*, 92 Penn. St. 475; 2 Redf. on Railroads, § 193; Whart on Neg. §§ 303, 324; *Radley* v. *R. Co.*, L. R. [1 App. Cas.] 754; *Creed* v. *P. R. R. Co.*, 5 Norris, 139; *Fernandes* v. *R. R. Co.*, 52 Cal. 45; *Smithwick* v. *H. & U. Co.*, 59 Conn. 261; *Gray* v. *Scott*, 66 Penn. St. 345; *Kane* v. *N. C. R. Co.*, 128 U. S. 91.) The defendant was negligent in not furnishing a safe place for plaintiff, and in not notifying plaintiff of the special dangers incident to rounding the curve at the corner of Fifty-third street and Sixth avenue, and in

43

bringing on the scrimmage with the drunken passenger at that point. At best for defendant, this was a question for the jury. (*Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556; *Merwin* v. *M. R. Co.*, 48 Hun, 608; *Sheridan* v. *B. C. & N. R. R. Co.*, 36 N. Y. 39; *Willis* v. *L. I. R. R. Co.*, 34 N. Y. 670; *Saltzman* v. *B. C. R. R. Co.*, 73 Hun, 567; *McQuade* v. *M. R. Co.*, 21 J. & S. 92; *Lee.* v. *M. R. Co.*, 21 J. & S. 260; *Ginna* v. *S. A. R. R. Co.*, 67 N. Y. 596; *Clark* v. *E. A. R. R. Co.*, 36 N. Y. 135.) The defendant owed to plaintiff the highest duty that the law imposes upon any one by reason of his relation to another. (*Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Schneider* v. *S. A. R. R. Co.*, 133 N. Y. 583; *Bellman* v. *N. Y. C. & H. R. R. R. Co.*, 42 Hun, 135; *Hickey* v. *R. R. Co.*, 14 Allen, 429; *Sweeny* v. *R. R. Co.*, 10 Allen, 368; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 N. Y. 145; Hutchinson on Carriers [2d ed.], § 501; *Maverick* v. *E. A. R. R. Co.*, 36 N. Y. 378, 381; *Ganiard* v. *R. C. & B. R. R. Co.*, 50 Hun, 22; *R. R. Co.* v. *Hodgson*, 31 Pac. Rep. 950; *R. R. Co.* v. *White*, 88 Penn. St. 333; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451.) The mere fact that plaintiff, at the moment of the jostling, involuntarily threw his hand into a place which the after event showed to be dangerous, and which time for careful inspection and action would have enabled plaintiff to avoid, does not prejudice his case. (*Lent* v. *N. Y. C. & H. R. R. R. Co.*, 120 N. Y. 473; *Lowery* v. *M. R. Co.*, 99 N. Y. 158; *P. R. R. Co.* v. *Werner*, 89 Penn. St. 59.)

*Edward B. Thomas* for respondent. The plaintiff, by his own evidence, demonstrated that he was guilty of negligence that contributed to his injury. (*Hunter* v. *C. & S. V. R. R. Co.*, 126 N. Y. 18; *G., etc., R. Co.* v. *Walling*, 97 Penn. St. 55; *Nugent* v. *Vanderveer*, 38 Hun, 487; *Jackson* v. *Crilly*, 16 Col. 103; *T., etc., R. Co.* v. *Overall*, 82 Tex. 247; *Solomon* v. *M. R. Co.*, 103 N. Y. 443; *Schneider* v. *S. A. R. R. Co.*, 133 N. Y. 589; *Wallace* v. *W., etc., R. Co.*, 18 Atl. Rep.

818; *Minick* v. *City of Troy*, 83 N. Y. 517; *Austin* v. *N. J. S. Co.*, 43 N. Y. 75; *C., etc., R. Co.* v. *Carroll*, 5 Ill. App. 201.)

MARTIN, J.  On November 19, 1892, the plaintiff was injured while a passenger upon one of the defendant's trains. Early in the evening of that day he went to the defendant's station at Fifty-ninth street, purchased a ticket and passed to the platform for the purpose of boarding an approaching train.  When the train reached the station the platforms of the cars were crowded with passengers.  One of the guards employed upon the train who saw the plaintiff standing at the station, said : " Hurry up, get on if you are going; get on, we cannot wait all night."  In compliance with that suggestion the plaintiff boarded the train and it started.  Owing to the crowded condition of its platform the gate upon the car was not closed at any time before the accident.  The plaintiff was required to remain upon the platform, as the crowd in the car prevented his occupying any other position.

At the corner of Fifty-third street and Ninth avenue the defendant's road curves to the east, and at the junction of Fifty-third street and Eighth avenue there is a station where the train stopped, and the plaintiff stepped to the platform to enable a passenger to get off, after which he immediately returned to his former position on the car.  The streets are nearly at right angles at the corner of Fifty-third street and Sixth avenue, and the railroad turns south on a short and sharp curve into Sixth avenue.  At that point the guard, whose position was between the car upon which the plaintiff was riding and the one in the rear, had a quarrel with one of the passengers who was intoxicated, and struck at him, the effect of which was to cause a movement of the crowd upon the platform of the car that tended to crowd the plaintiff from the train, whereupon he made a quick, involuntary movement with his left hand to grasp the railing behind him. At that moment his arm was caught between the iron railings of the car upon which he was riding and the one immediately

in the rear as they came nearly together in rounding this. curve. The plaintiff's arm was broken, and he sustained injuries of a somewhat serious character.

Before the injury the plaintiff had no knowledge that any danger was to be apprehended from the proximity of these railings when the train was making the curve at this point in the defendant's road, nor was he informed by any of the defendant's employees of such danger. Upon his cross-examination he, however, testified that when he returned to the car he knew the position upon the crowded platform was dangerous. It is manifest, therefore, that the plaintiff at that time recognized his peril so far as it arose from a crowded condition of the car and platform, but had no reason to appre-hend any danger of the character of that which was the immediate cause of his injury.

The action was for negligence. Upon the trial the plaintiff was nonsuited. The motion was based upon the ground that he had not established a cause of action, in that he had failed to prove negligence upon the part of the defendant and absence of negligence upon his own part. To this ruling the plaintiff duly excepted. Upon appeal to the General Term the judgment was affirmed upon the ground that the plaintiff was guilty of contributory negligence in returning to the car after he had alighted at the station at Fifty-third street and Eighth avenue.

Thus the question is presented whether the evidence and any proper inferences that might have been drawn from it were sufficient to justify the court in submitting the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence to the jury for its determination. If the proof was such as to authorize the court to hold, as a matter of law, either that the defendant was free from negli-gence or that the plaintiff was guilty of contributory negligence, then the judgment must be affirmed.

The stopping of the train at Fifty-ninth street was an invitation to the plaintiff to take passage thereon. There was also an express invitation by one of the defendant's employees.

The defendant was, therefore, bound to furnish the plaintiff a safe place to ride. Proof of the omission to do so was evidence tending to show the defendant's negligence. ( *Werle* v. *L. I. R. R. Co.*, 98 N. Y. 650.) Again, the defendant's disregard of the statute which required gates upon every passenger car used upon its elevated railroad, and that they should be kept closed while the car was in motion, was also evidence of its negligence. (*Knupfle* v. *Knickerbocker Ice Company*, 84 N. Y. 488; *McRickard* v. *Flint*, 114 N. Y. 222, 226.) Moreover, the action of the defendant's servant in so conducting himself as to cause the crowd upon the platform to sway and jostle the plaintiff to an extent that induced him to seize the rail to retain his position on the car, was also evidence tending to show negligence in the defendant. The exposure of a passenger to danger, which the exercise of a reasonable foresight would have anticipated and due care avoided, is negligence on the part of a carrier, and whether the over-crowding of cars is negligence is a question of fact. (*Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556.) The evidence in this case was clearly sufficient to require the submission to the jury of the question of the defendant's negligence.

The respondent, however, urges that the plaintiff was guilty of contributory negligence, as a matter of law, and upon that ground it seeks to uphold the judgment. This contention is based upon the plaintiff's evidence to the effect that the car and platform were crowded when he first boarded the train and that he knew it was a bad place to ride, and thought it was dangerous when he got on at the Eighth avenue station. The plaintiff, by momentarily stepping to the platform to permit another to alight, did not change his relation as a passenger upon that train, nor did his return render him guilty of contributory negligence as a matter of law. In *Willis* v. *Long Island R. R. Co.* (34 N. Y. 670, 683) it was held that a passenger was not to be deemed guilty of negligence for standing upon a platform of cars in motion, where there were no vacant seats in the car. In that case it was said: "As

the defendant in the present case neglected that duty (to furnish proper seats inside its cars), and the plaintiff rode on the platform because the company did not provide him with suitable and reasonable accommodation within the cars, the circumstance of his being in that position when he was injured does not relieve the defendant from liability." (See, also, *Ginna* v. *Second Ave. R. R. Co.*, 67 N. Y. 596; *Nolan* v. *Brooklyn City & Newtown R. R. Co.*, 87 N. Y. 63, and *Merwin* v. *Manhattan Railway Co.*, 48 Hun, 608.) The case last cited was an action in many respects similar to this, and, on the argument of the appeal, it was urged that a verdict should have been directed for the defendant upon the ground that the plaintiff was guilty of contributory negligence in boarding a car, when it was perfectly obvious that he would have to stand upon the platform. It was, however, held, that even if it was obvious to the decedent that he would not be able to find a place inside of the car, yet, the defendant by taking him upon the train for the purpose of transporting him as a passenger upon the platform, was bound to exercise a high degree of care to make the platform safe for his occupation, and he was entitled to assume that it would. This case was subsequently affirmed by the Court of Appeals (113 N. Y. 659). The cases cited tend to sustain the doctrine that the plaintiff by boarding the defendant's train, although the car and platform were crowded, was not, as a matter of law, guilty of contributory negligence. We think the question of contributory negligence should have been submitted to the jury, especially in view of the fact that by the action of an employee of the defendant in quarreling with and striking at a passenger, an unusual movement by the crowd was occasioned which naturally induced the act of the plaintiff that resulted in his injury. Even if the plaintiff assumed the ordinary risk which attended riding upon the platform, he had a right to assume that the defendant's servants would cause no unusual disturbance of the crowd, and that the cars were so constructed as not to render his position dangerous from their proximity to each other in passing over any portion of

the road, or at least if such danger existed that he would be apprised of it.

These considerations lead to the conclusion that the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence were questions of fact which should have been submitted to the jury, and that the court erred in granting the defendant's motion for a nonsuit.

For this error the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.

O'BRIEN, HAIGHT and VANN, JJ., concur; ANDREWS, Ch. J., GRAY and BARTLETT, JJ., dissent.

Judgment and order reversed.