money in question, but that all the transactions were cash transactions, and did not involve any question of credit. It is conceded that, in order to entitle the plaintiff to notice of the dissolution which it is claimed took place on the 1st of July, 1891, there must have been credit dealings between her and the firm. These, we think, she has established. She sent in her work, and she accepted the obligation of the firm in payment,—sometimes sent to a distance, and necessarily involving faith and credit. These were by no means cash transactions, such as are spoken of in the books, where goods are parted with and cash paid down. In such transactions there is no element of credit. In the case at bar the plaintiff parted with her work, received their draft, and necessarily gave credit until that draft was paid. How long a period of time elapsed between the sending of the work and the receipt of the check does not appear. But that fact is immaterial, so long as credit was given. The plaintiff did not receive the cash for her work. She delivered it, lost her lien, and accepted their order upon the bank for its payment. She thereby gave credit to the firm for work for which she had a lien, until their draft upon the bank was paid. She parted with her rights upon credit, and the dealing was, for a certain period of time, a dealing upon credit. She seems, therefore, to have brought herself within the rule.

It is urged that the court erred in admitting the testimony of the plaintiff as to what took place at the time the money was loaned, in which she testified to the defendant Abraham D. Knapp's speaking of Waldo E. Knapp's obligation to pay. This was admissible, in view of Abraham D. Knapp's testimony that he had given the plaintiff notice of the dissolution; this testimony of the plaintiff relating to the same interview at which Knapp swore that he had given her such notice, and tending to weaken his testimony as to that fact. There seems to have been no error committed, and the judgment and order appealed from should be affirmed, with costs. All concur.

---

(28 App. Div. 404.)

DILLON et al. v. FORTY-SECOND ST., M. & ST. N. A. R. CO.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. CONTRIBUTORY NEGLIGENCE—EVIDENCE.
    The absence of contributory negligence may be shown from facts and circumstances, as well as by direct testimony of a witness.
2. STREET RAILROAD—NEGLIGENCE OF PASSENGER.
    It is not negligence per se for a passenger to ride on the front platform of a street-railway car.
3. SAME—CARE OF DRIVER.
    The fact that a passenger is standing upon the front platform of a street-railway car, and thus exposed to the danger of being thrown off by the sudden striking of the car, in rapid motion, against a temporary turnout, requires the driver, advised of the situation, and having the car under his control, to use care for the safety of the passenger.

Action by Anthony S. Dillon and others against the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railroad Company. Verdict for plaintiffs. Motion for new trial, on exceptions ordered to

be heard in the first instance by the appellate division. Judgment on the verdict.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William S. Cogswell, for the motion.
Edward J. McGanney, opposed.

PATTERSON, J. The only subject requiring consideration is that of the correctness of the refusal of the trial judge to dismiss the complaint. He was asked to do so at the close of the plaintiffs' evidence in chief, and again at the close of all the proofs. The action was originally brought by the plaintiffs' testator, to recover for personal injuries alleged to have been sustained by reason of the negligence of the defendant or its servants. A verdict was rendered for the then plaintiff, and, after the entry of judgment thereon, he died. The action was revived in the name of the executors of his will, they being substituted as plaintiffs. It was shown upon the trial that Anthony S. Dillon and his son entered upon a car of the defendant near the ferry house of the Long Island Ferry, at the foot of Thirty-Fourth street, East river, New York City. They were smoking. When the car left its station near the ferry, it proceeded along Thirty-Fourth street, and turned the curve into First avenue. Both Dillon and his son testified that, when it turned that curve, the car was proceeding at a rapid rate; that, after it had rounded the curve, A. S. Dillon, thus standing upon the platform, hearing the conductor inside the car rapping upon the window of the front door for his fare, was in the act of turning, or had just turned, to pay his fare, when the car, being thus rapidly driven, deflected from the straight line of the ordinary track on First avenue, struck with violence a temporary turnout (which was afterwards shown to have been necessitated by the construction of a sewer under the regular track), and Dillon was thrown into the street, and sustained serious injuries. He testified that he was ignorant of the existence of this turnout. The extent of his injuries is not disputed, nor is any question raised as to the amount of the verdict of the jury being excessive.

It is argued on the part of the defendant that there was no evidence to show that the injured man was free from contributory negligence. The absence of contributory negligence may be shown from facts and circumstances, as well as by direct testimony of a witness. Wiwirowski v. Railway Co., 124 N. Y. 425, 26 N. E. 1023. As Dillon was standing upon the front platform of the car, and being, as he said, in ignorance of the situation of the track on First avenue, his position on the car was not evidence of itself of negligence on his part. Hastings v. Railroad Co., 7 App. Div. 312, 40 N. Y. Supp. 93. Nor can it be said that the manner in which the plaintiffs' testator was standing on the platform established negligence, for his statement and that of his son was that, at about the immediate time of the occurrence, he was responding to a call of the conductor for his fare, and his attention was occupied by that. If there was any question of contributory negligence, therefore, in the case, it was properly one to go to the jury. Under all the facts and circumstances of the case, it would be impos-

sible for us to say, as matter of law, that the complaint should have been dismissed on that ground.

There was also evidence from which the jury could conclude that the driver was guilty of negligence in driving the car at a rapid rate when he struck the turnout. The driver was not called as a witness, but there was testimony given by the conductor and by two passengers seated in the car contradictory of the statements made by the plaintiffs' testator and his son. They testified that the car was not proceeding rapidly, and they also testified that, at about the time (as nearly as they could judge) the accident occurred, the conductor was at the rear platform. But this testimony and the conflict arising upon it were properly submitted to the jury, upon the subject of the duty of the driver under such circumstances to exercise proper care, and whether he did exercise such care. The charge of the trial judge upon that subject was very clear, and was not excepted to. He told the jury that the allegation of negligence upon which the alleged cause of action was based was the rapidity with which the car went around this temporary curve, and he left it to the jury to say whether the plaintiff had met the burden of proof that rested upon him to establish that the defendant's driver drove unskillfully and too rapidly at the curve, and whether it was by means of that alleged careless and reckless driving the plaintiffs' testator was thrown from the platform, and was injured. That was a proper submission to the jury. A. S. Dillon swore that he was ignorant of the existence of the unusual condition of the track on First avenue. The defendant's driver must have been aware of it. Standing upon the front platform, as Dillon was, he was exposed to a danger of being thrown off by the sudden striking of a rapidly moving car against the curved line of the track. That was a situation which required the driver to exercise care for the safety of the passenger, and brings the case within the rule and the authorities referred to by Mr. Justice Bradley in Lansing v. Railroad Co., 16 App. Div. 146, 45 N. Y. Supp. 120.

On both questions, the case was properly submitted to the jury, and the defendant's exceptions should be overruled, and judgment ordered on the verdict, with costs. All concur.