GEORGE SCHAEFER, Respondent, *v.* THE UNION RAILWAY COMPANY of New York City, Appellant.

*Negligence — injury to a passenger standing on the steps of a street car and thrown off in rounding a curve.*

In an action brought to recover damages for injuries received by the plaintiff while a passenger on one of the cars of the defendant's street railway, it appeared that a few moments before the accident the plaintiff boarded the car, which was so crowded inside and out that he was obliged to take up his position on one of the steps, from which place he paid his fare; that, while so standing and steadying himself by holding with his right hand the rail which was on the body of the car, the car descended a considerable incline at a high rate of speed, and upon reaching the bottom struck a short curve, of the approach to which no warning was given, and of which the plaintiff had no knowledge, in rounding which it lurched violently, throwing down several passengers and throwing the plaintiff to the ground.

*Held,* that it was a question for the jury to determine whether, under the circumstances, it was contributory negligence for the plaintiff to assume the position that he did upon the car.

APPEAL by the defendant, The Union Railway Company of New York city, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of October, 1897, upon the verdict of a jury for $1,250, and also from an order entered in said clerk's office on the 11th day of October, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Nathan Ottinger,* for the appellant.

*Ernest M. Welch,* for the respondent.

RUMSEY, J.:

The action was brought to recover for injuries received by the plaintiff while a passenger on one of the cars of the defendant's railway. No evidence was given by the defendant except the testimony of its claim agent to the effect that the conductor and motorman were required to make reports of anything and everything which occurred during their trips, but that in this particular case they neglected their duty and he never heard anything about it. This may have been important as explaining the reason why the defendant gave no proof about the accident, but otherwise it was of no consequence in the case, which must stand upon the evidence presented by the plaintiff. That was, substantially, that just before he received the injury he boarded one of the defendant's cars. It was very much crowded. He succeeded in getting a position on the platform, but was finally forced to stand upon the step. The car was so full of people that it was utterly impossible for the plaintiff to maintain a position upon it in any other place. While he was in that place the conductor took his fare. As the car proceeded it came to the top of a considerable incline, down which it proceeded at a high rate of speed, and upon reaching the bottom it struck a short curve. As it rounded that curve it lurched violently, throwing the plaintiff off the step upon the ground. The plaintiff, as he stood upon the step, was smoking a cigar, and steadying himself by holding with his right hand the rail which was upon the body of the car. No notice or warning was given that the car was approaching this curve, and the plaintiff testified that he was not aware of the existence of this particular curve, although he was aware of another curve a few hundred feet further on. Upon this evidence the case was sent to the jury, who found a verdict for the plaintiff for substantial damages. We have not been able to discover, among any of the reasons presented by the defendant for the reversal of this judgment, a single point which has not been established against it. Whether it was contributory negligence for the plaintiff to assume the position that he did upon the car under the circumstances, was clearly a question for the jury. (*Ginna* v. *Second Ave. R. R. Co.*, 67 N. Y. 596; *Lehr* v. *The Steinway & Hunters Point R. R. Co.*, 118 id. 556.) That the defendant, having received the plaintiff as a passenger and permitting him to stand upon the step,

owed a duty to take reasonable care that he was not exposed to unnecessary danger cannot be denied. (*Graham* v. *Manhattan Ry. Co.*, 149 N. Y. 336.) That the car was permitted to go down the incline at a very high rate of speed; that it was crowded with passengers inside and out; that while going at that rate of speed it struck this curve; that the passengers had no warning of the approach of the curve, and that the car lurched so that several passengers besides the plaintiff were thrown down, was established by the evidence and might have been found by the jury. Upon those facts the jury might well have predicated negligence on the part of the defendant. The case is almost precisely like that of *Dillon* v. *Forty-second Street Railway Company* (28 App. Div. 404), lately decided by this court.

We have examined the exceptions to the rulings of the court in regard to evidence and find none which seems to require discussion. Upon the whole case it is clear that no error was committed, and the judgment and order must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.