termined this when the paper was received in evidence; and it does not appear that the plaintiff's attorney at any time thereafter asked to have the paper stricken out, or to have the jury instructed to disregard it.

As to the refusals to charge as requested by the plaintiff's attorney, we do not think it necessary to consider them separately or at length. An examination of the charge made by the learned trial justice shows that many of the requests which were refused were covered by the charge, and the others were entirely immaterial on the issue submitted to the jury. The only issue, as we have already seen, as to the validity of the assignment, which went to the jury, was whether, when the assignment was made, the assignors owed Mrs. Osborn the $500 for which she was preferred, and this was fairly submitted to the jury. The evidence sustains their finding, and the judgment should be affirmed, with costs to the respondents. All concur.

---

(39 App. Div. 536.)

### GRAY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

1. STREET RAILWAYS—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE.

The questions of negligence and contributory negligence are properly left to the jury, on evidence that plaintiff, a passenger on defendant's street car, the rear platform being too crowded to allow him to get on it, got on the front platform, which was also crowded, standing with one foot on the platform and the other on the step, holding onto the dashboard rail; that the conductor ran forward to get on the front platform, and at the first attempt failed, and on a second attempt, calling out for the passengers to make room for him, hit against plaintiff, and he and the conductor were immediately forced off, and he was run over.

2. SAME—REDIRECT EXAMINATION.

Where witness for defendant, an employé of defendant's attorney, on his direct examination, in speaking of his appointment for an interview with one of plaintiff's witnesses, said, "As I had an object in view, I told him that I would see him" at a certain time and place, it was not error to refuse to allow him, on redirect, to testify to his object in making the appointment; this being immaterial as evidence in chief, and not being asked as to anything brought out by plaintiff.

McLaughlin, J., dissenting.

Appeal from trial term, New York county.

Action by John G. Gray, an infant, by Ellen Pidgeon, his guardian ad litem, against the Metropolitan Street-Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Thomas P. Wickes, for respondent.

INGRAHAM, J. The plaintiff, a boy about 16 years of age, was a passenger on the Lexington Avenue Line of the defendant's railway. At the corner of Fifty-Ninth street and Lexington avenue, he left the Lexington avenue car for the purpose of taking a cross-

town car on Fifty-Ninth street, which is also a part of the defendant's railway system. From his testimony it appeared that he received a transfer ticket from the defendant's agent at the corner, and then boarded a cross-town car going west. The car was so crowded that he could not get upon the back platform. He then got upon the front platform, standing with one foot on the platform and one on the step, holding onto the dashboard rail. After the car started, the conductor ran up on the right-hand side of the car, asking for fares and transfers. The plaintiff gave the conductor his ticket. The platform was crowded, the plaintiff standing next to the dashboard, and another passenger standing against the body of the car, holding onto the rail attached to the car. The conductor attempted to board the platform by forcing himself between the plaintiff and this other passenger. His first attempt was unsuccessful, when he made a second attempt, calling out, "Make room there! Make room there!" At the time he made this second attempt, the other passenger, standing against the body of the car, testified that the conductor knocked against his chest with his elbow; and the plaintiff testified, "He [the conductor] gave me the elbow like that" (indicating). When the conductor made this second attempt to board the car, he again slipped off, and at the same time the plaintiff fell or was pushed off, the car passing over his foot, which resulted in the amputation of his leg. A policeman who was in the street at the time testified that he saw the conductor get off the rear platform of the car, and start on a run to catch up with the front platform; that the horses were trotting; that the conductor reached out his hand to catch the rail that was connected with the body of the car, but missed it at the first attempt; that he caught hold of the rail in the second attempt, and pulled himself up on the car; that he was near falling off on his second attempt to get on the car, and reached out his hand to save himself, and "with that this young man here [plaintiff] fell off the car on his back"; that plaintiff was dragged about five or ten feet, and the front wheel of the car went over his knee, and the car stopped; that the witness saw the conductor push the plaintiff, and that, when the conductor was getting on the step of the car, he tried to push himself in; and that, immediately after, the boy fell off the car.

The principal question presented upon this appeal is whether, upon this testimony, there was evidence to sustain a finding of the jury that the defendant was guilty of negligence. There can be, I think, no question but that the plaintiff was a passenger on the car by the express invitation or acquiescence of the defendant's employés. The conductor collected from the plaintiff the transfer ticket which authorized the plaintiff to ride upon the car, and the defendant was therefore bound to furnish the plaintiff a safe place to ride. Any act of a servant of the defendant which caused the crowd upon the platform to sway and jostle the plaintiff, so as to cause him to fall off the car, would be evidence tending to show negligence on the part of the defendant. "The exposure of a passenger to danger which the exercise of a reasonable foresight

would have anticipated, and due care avoided, is negligence on the part of a carrier." Graham v. Railway Co., 149 N. Y. 341, 43 N. E. 917. The plaintiff was riding upon this car with the assent of the defendant's conductor. In consequence of the crowded condition of the car he was unable to get either inside or wholly upon the platform, thus being compelled to ride in a position which would expose him to the danger of being thrown from the car in case any one made a violent attempt to get upon the platform. It was not necessary for the plaintiff to prove direct contact between the conductor and the plaintiff, which caused him to fall or be thrown from the car. To sustain a finding of negligence, it was sufficient to prove a state of facts from which the inference could be drawn that the act of the conductor in forcing himself upon this crowded platform while in motion was such as would entirely tend to, and which as a matter of fact did, throw the plaintiff from the car. Here there is proof that while the plaintiff was in this position upon the car, and the car was in motion, the conductor attempted to force himself upon the platform, crowding the passengers who were upon the platform, the immediate result of which was that the conductor himself and the plaintiff were forced from the car. The fall of the plaintiff from the car thus occurring at the moment the conductor attempted to force his way upon the platform, and there being no other cause for the plaintiff to fall, the jury certainly had the right to infer that the cause of the plaintiff's falling from the car was this act of the conductor. That the plaintiff fell from the platform and sustained the injury is not disputed. Assuming that the jury believed the evidence produced by the plaintiff, it seems to us that they were justified in inferring that the fall of the plaintiff from the car was caused by the act of the conductor in thus endeavoring to force his way upon this crowded platform while the car was in motion, which would justify a finding that the defendant was guilty of negligence. We think, therefore, the evidence was sufficient to require the submission of the question of the defendant's negligence to the jury.

We also think the question of the plaintiff's contributory negligence was properly submitted to the jury. It is now settled that the mere fact of riding upon the front platform of a horse car is not contributory negligence as a matter of law. The accident which happened was not the result of the position in which the plaintiff had placed himself upon the front platform, but it resulted from the act of the conductor of the car in attempting to get upon the platform in such a way as to endanger the safety of the passengers there. In accepting the transfer ticket from the plaintiff, the conductor of the car assented to his riding upon the car in the position in which he was at the time the transfer was taken. In that position the plaintiff certainly was entitled to presume that the defendant's agent would commit no act which would expose him to unnecessary danger. So far as appears, the plaintiff was in a safe condition so long as the conductor refrained from attempting to force his way into the car while the car was in motion; and certainly a passenger standing

upon the platform of a car of this character could not anticipate that the employés of the defendant railway company would so act as to endanger him or throw him off the car. A different question would be presented if the plaintiff had been thrown from the car in consequence of the motion of the car, and the injury sustained was caused by the danger incident to the exposed position in which the plaintiff was riding. But in this case the negligence of the plaintiff, if any, in placing himself upon the front platform of the car, did not contribute to the accident which here caused the injury.

Objections were taken by the defendant to the rulings upon questions of evidence, but we think that none of them require a reversal of the judgment. The question asked an employé of the defendant's attorney, as to his object in making an agreement to meet one of the plaintiff's witnesses, was not asked upon cross-examination as to anything brought out by the plaintiff. Upon his direct examination, in speaking of this appointment for an interview, the witness testified: "As I had an object in view, I told him that I would see him that night at 104th street and Columbus avenue." Certainly, it was immaterial, as evidence in chief, what the object of the interview was.

The charge to the jury seems to have been fully as favorable to the defendant as the evidence warranted, and we think there are no objections to the charge that would justify a reversal of the judgment. The questions as to the negligence of the defendant and as to the contributory negligence of the plaintiff were fairly submitted to the jury, and the judgment should be affirmed, with costs. All concur, except McLAUGHLIN, J., dissenting.

McLAUGHLIN, J. (dissenting). I cannot agree to the affirmance of this judgment. The verdict, in my opinion, is not only against the weight of, but contrary to, the evidence. The negligence of the defendant alleged in the complaint is that the "conductor negligently and carelessly jumped onto the platform of said car, and struck or pushed the plaintiff with such force and violence as to cause him to lose his hold on the dashboard, and knocking him off onto the pavement, where he was seriously and permanently bruised and injured. * * *" This is the issue which was tried, and this is the issue which was submitted to the jury; the learned trial justice charging that the plaintiff's "allegation is—and all of his proof is directed to that allegation—that he was crowded off the car, or knocked off the car, or pushed off the car by the conductor. He cannot recover in this action unless you are satisfied that he was knocked or crowded or pushed off the car by the conductor." The testimony which it is claimed established the defendant's negligence was given by the plaintiff, McGinley, and Giblin. The testimony given by these witnesses most favorable to the plaintiff, which I have been able to find, is as follows:

The plaintiff testified:

"The conductor came along and run up on the right side of the car. asking for fares and transfers. I had my transfer in my right hand, like that (indicating). He made an attempt to get on, and fell off in the gutter. Then he

made a second attempt, and I slipped down, holding onto the bar as long as I could, and I fell, and my two feet fell onto the cobblestones, and then I felt my foot under the wheels."

He also testified, on being recalled, after his direct and cross-examination had been completed, in answer to a question as to how the conductor came to fall:

"He could not get on, it was so crowded. I can't tell you whether he fell in the street, or whether he simply slipped off with his feet on the step. He fell off. He didn't continue to hold onto the rail. He fell off in the street. * * * When he tried to get on again, he did not try to catch hold of this handrail. He said, 'Make room there!' and he gave me the elbow, like that (indicating). He did not have hold of any rail at that time. He didn't catch hold of either the hand rail or the dash rail at that time, but he jumped on the step, and said, 'Make room!' and that is just how it happened."

McGinley testified, referring to the plaintiff:

"Q. You don't claim that this conductor touched the boy, do you? A. I suppose he brushed by him in trying to get on."

And Giblin, also referring to the plaintiff, testified:

"Q. Do you say that he touched the boy at all? A. Yes. Q. What did he touch him with? A. He touched him with his elbow. Q. How do you know that? A. Because I felt the force of his two elbows. He jumped on between both of us. Q. You know he touched you, but you don't know he touched the boy? A. I seen both of them go off together. That is all I know."

I am unable to see how it can be seriously claimed that the testimony of these witnesses, conceding it to be true, as we must, established the allegations of the complaint that the plaintiff was struck or pushed by the conductor with such force and violence as to cause him to lose his hold on the dashboard, "knocking him off onto the pavement," and I do not think that an inference to that effect can fairly be drawn from it.

There was no allegation in the complaint that the overcrowding of the car was the cause of, or in any way contributed to, the plaintiff's injury, and that question was not presented to or determined by the jury, and, under the pleadings and the issue tried, we have no right to consider that fact. The rule is well settled, in actions of this character, that the plaintiff must fail if the evidence does not show that the injury was the result of some cause alleged in the complaint, and proved on the trial, for which the defendant was responsible; and, where the proof consists of circumstances, then these circumstances must be established, and not left to rest in conjecture; and, when the circumstances are shown, it must appear that the inference sought is the only one which can fairly and reasonably be drawn from the facts. Laidlaw v. Sage, 158 N. Y. 101, 52 N. E. 679; Ruppert v. Railroad Co., 154 N. Y. 90, 47 N. E. 971. Under the facts here presented, it can just as fairly be inferred that the plaintiff slipped or fell off the car, or that both he and the conductor were pushed off by other passengers standing on the platform, as it can that the conductor struck or pushed the plaintiff with such force as to cause him to fall. The conductor had a right, and it was his duty, to collect the fares and tickets of passengers, and to go through the car and upon the platform if it was necessary for him to do so for that purpose. There being no allegation in the complaint, or claim made upon the trial,

that the defendant had negligently permitted the car to be over-crowded, that fact could not be considered as an act establishing defendant's negligence.   The proof must go beyond that, and show that the conductor did what the plaintiff alleged, namely, struck or pushed him with such force or violence as to cause him to lose his position on the car, by reason of which his injuries were sustained.

I think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.