ROBERT LUCAS, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — evidence of, where a passenger is thrown from a car on a curve — a memorandum made by the car conductor is inadmissible.*

A street railroad company which permits a passenger upon one of its cars, who is unable to obtain a seat, to stand upon the front platform and there collects his fare, is obliged to exercise extraordinary care to transport him to his destination without injury.

Evidence that the car, without warning to the passenger, was propelled around a curve, of the existence of which the passenger was ignorant, at such a rate of speed that his hands were wrenched from the rail which he was holding and that he was thrown from the car into the street, is sufficient to warrant a finding of negligence on the part of the railway company.

A memorandum made by the conductor of the car, of the time at which the accident occurred, may be used by the conductor for the purpose of refreshing his recollection, but cannot be introduced in evidence for the purpose of corroborating his testimony as to the accident or to establish the time of its occurrence.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1900, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 21st day of May, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*J. Brownson Ker,* for the respondent.

McLaughlin, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff had a verdict, and from the judgment entered thereon and from an order denying a motion for a new trial the defendant has appealed.

Upon the trial, from the testimony offered on the part of the plaintiff, it appeared that on the 2d of May, 1898, the plaintiff boarded a north-bound car of the defendant at Thirtieth street in the city of New York, and that the car was crowded, several of the passengers being unable to obtain seats, and for that reason the plaintiff remained on the front platform, where other passengers were then standing; that while he was thus standing the conductor collected the fare, and made no objection to his remaining where he then was; that the car proceeded northward to Fifty-third street, at which point there was a curve in the tracks, of which the plaintiff was ignorant, he never before having ridden over the defendant's road; that no warning was given to the plaintiff of the approach of the car to the curve, nor was its speed slackened; that the car went around the curve at a "terrible speed," in consequence of which the plaintiff's hands were wrenched from the rail upon which he was holding and he was thrown from the car to the street, sustaining the injuries of which he complains. The testimony of the plaintiff was corroborated by two other witnesses, who testified as to the crowded condition of the car, its speed, and that they saw the plaintiff thrown from it as it was rounding the curve.

From the testimony offered on the part of the defendant, it appeared that the car was not filled with passengers at the time the accident occurred, and that warning was given of its approach to the curve; that the passengers were advised to "hold fast," and that the car did not round the curve at more than the usual rate of speed; that the plaintiff, immediately preceding the accident, was sitting inside the car, and as it was rounding the curve he arose and stepped outside onto the platform, and that he then fell, and in consequence thereof either fell or was thrown to the street. This being the condition of the testimony at the close of the trial, a discussion is unnecessary to show that a question of fact was presented for the determination of the jury. Such question of fact was pre-

sented to the jury in a charge eminently fair to both of the parties, and it having found in favor of the plaintiff, the verdict cannot be disturbed.

The defendant having permitted the plaintiff to go upon its car and taken his fare, obligated itself to exercise extraordinary care to transport him to the point of his destination without injury. It could not expose him to unreasonable danger, even though he stood upon the platform of the car. (*Graham* v. *Manhattan R. Co.*, 149 N. Y. 336.) When it was about to run its car around the curve at the speed set out in the record, it owed the plaintiff a duty of informing him of that fact, or indicating to him in some way that he must exercise at that point increased care for his own safety. This, the verdict of the jury establishes that the defendant did not do, and the failure to perform this duty, the plaintiff being free from negligence, renders it liable. (*Dillon* v. *Forty-second St. R. Co.*, 28 App. Div. 404; *Schaefer* v. *Union R. Co.*, 29 id. 262; *Lansing* v. *Coney Island & B. R. R. Co.*, 16 id. 146.)

This case is clearly distinguishable from that of *Fogerty* v. *Union Railway Co.* (56 App. Div. 624). In that case the plaintiff was nonsuited, and on appeal we affirmed the judgment. All that appeared in that case was that the intestate who was standing upon the platform of a car upon which, at the time, there were also several other passengers, either fell or was thrown as the car rounded a curve, and sustained injuries from which he died a short time thereafter. There was no evidence showing, or tending to show, that the intestate exercised any care whatever with reference to his own safety; or that the speed of the car affected, in any degree, any of the other passengers upon it. And from the condition in which the testimony was left at the close of plaintiff's case, a finding that the intestate voluntarily or by reason of his own negligence fell from the car, would have been just as consistent as that he was thrown from it by reason of the negligence of the defendant. This being the situation, the court could do nothing but grant the defendant's motion for a nonsuit. The rule is well settled that when the circumstances point just as much to the negligence of the deceased as to its absence, or point in neither direction, the plaintiff should be nonsuited. (*Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 332; *Wiwirowski* v. *L. S. & M. S. R. Co.*, 124 id. 420.)

In the case at bar, as already indicated, the plaintiff had hold of the handrail of the car, and the car was forced around the curve at such a rate of speed that his hands were wrenched from the rail, by reason of which he was thrown to the street and injured.

The appellant also claims that the judgment should be reversed because the trial court erred in refusing to admit the time card of the conductor of the car, showing the exact time when the accident occurred. We think the time card was properly excluded. It was, at most, a memorandum made by the conductor, a servant of the defendant, of which the plaintiff had no knowledge, and which could not possibly bind him in any way. It might be referred to by the conductor for the purpose of refreshing his recollection, but it could not be introduced in evidence for the purpose of corroborating the testimony of the conductor, or to establish the fact as to the time when the accident did actually occur.

After careful consideration of the record, we are satisfied that the judgment is right and should be affirmed, with costs.

RUMSEY, PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment and order affirmed, with costs.