(110 App. Div. 522)

### HORAN v. ROCKWELL.

(Supreme Court, Appellate Division, Fourth Department. January 3, 1906.)

1. CARRIERS—STREET RAILROADS—CONTRIBUTORY NEGLIGENCE.
> Where a passenger was unable to obtain a seat in a street car, she was not guilty of contributory negligence as a matter of law in riding on the running board of the car.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1377, 1379.]

2. SAME—CARE REQUIRED.
> Where a street car company permitted a passenger to ride on the running board, and accepted her fare as a passenger, it was obliged to exercise extraordinary care to transport her to her destination without injury.
>
> [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1099, 1101.]

3. SAME—NEGLIGENCE.
> Plaintiff, a girl 17 years old, boarded a street car and, being unable to get inside because of the crowd, stood on the running board, holding onto one of the stanchions. The conductor, in passing along to collect fares, swung himself around the passengers on the running board, and in doing so was struck by one of the trolley poles, located 4 feet 5½ inches from the track, the nearest face being 2 feet 8½ inches, and struck plaintiff, causing the injuries complained of. *Held*, that there were two concurring causes which produced the injury—one, the overcrowding of the car; and the other, the conductor's act in coming in contact with the pole—both of which were the negligence of the carrier.

Appeal from Trial Term, Onondaga County.

Action by Bridget T. Horan, an infant, by Thomas Horan, her guardian ad litem, against William B. Rockwell, as temporary receiver of the Syracuse, Lakeside & Baldwinsville Railway Company. From a judgment of the County Court of Onondaga county, affirming a judgment of the Municipal Court of the city of Syracuse in favor of plaintiff for $212.15, damages and costs, and $32.68, costs of appeal, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Hiscock, Doheny, Williams & Cowie, for appellant.
M. E. & G. W. Driscoll, for respondent.

NASH, J. The plaintiff, a girl of 17 years, in the afternoon of July 4, 1904, boarded a car of the Syracuse, Lakeside & Baldwinsville Railway, operated by the defendant as temporary receiver. The cars were crowded, several having passed the point where the plaintiff was waiting for a car without stopping. The car in question, an open car, stopped, the seats of which were filled, and people were standing outside on the running board of the car. The plaintiff got on, and stood on the running board, holding onto the stanchion or post which supports the roof of the car, and rode some distance toward her destination. The conductor, in passing along to collect fares, swung himself out around the passengers on the running board, and in doing so was struck by one of the trolley poles and thrown against the plaintiff, causing the injuries complained of. The distance between the trolley poles and nearest rail was from 4 feet 5½ inches, and the nearest face of the poles was 2 feet 8½ inches. The plaintiff, being unable to obtain a seat in the car, was not guilty of contributory negligence in riding on the running board of the car. If there was any question as to her contributory negligence, it was for the jury. Cattano v. Metropolitan Street Railway Co., 173 N. Y. 565, 66 N. E. 563. The defendant, having permitted the plaintiff to ride on the running board and taken her fare as a passenger, was obliged to exercise extraordinary care to transport the plaintiff to her destination without injury. Lucas v. Metropolitan St. Ry. Co., 56 App. Div. 405, 67 N. Y. Supp. 833.

It is urged that the defendant cannot be charged with negligence, for the reason that the distance between the running board and the trolley poles afforded ample space for persons riding on the running board to do so in safety, and that, if negligence could be predicated upon the mere fact that the plaintiff was allowed to ride upon the running board, such negligence was not the proximate cause of the accident. In the action brought by the conductor against the defendant for the injuries he sustained, it was held that the plaintiff failed to establish negligence on the part of the defendant in the location of the poles, and that the conductor must be deemed to have assumed any risks incident to the situation. Davern v. Rockwell (Sup.) 93 N. Y. Supp. 1125. While the defendant's negligence in permitting the overcrowding of the car may not be regarded as the proximate cause of the accident, the question is whether, within the rule which requires the highest degree of care on the part of the carrier in the performance of its duty to a passenger, the defendant is or is not liable for the intervening cause which occasioned the accident to the plaintiff. Was the act of the conductor, which directly produced the injury to the plaintiff, so disconnected from the primary fault of overcrowding the car as not to be in any sense the act of the defendant?

In the Cattano Case, the plaintiff's intestate was a passenger on one of the defendant's horse cars, the seats of which were occupied, and in the aisles of which there was no standing room; that he, with 7 others, was riding on the front platform, which "apparently had no room for anybody else"; that the car was going very fast on a downgrade, and the driver, in his effort to apply the brakes, "made room for himself" by backing and pushing, and thus jostled the crowd and shoved the people around, so that the decedent was thrown off and instantly

killed.   It was held that the case presented a question of fact for the jury as to the defendant's negligence in allowing the platform to become so crowded that the driver could not use the brakes without pushing away those standing near him and thus crowding off some one on the outside.   It was there said that it was the duty of the defendant, when it allowed passengers to ride on the platform to use a high degree of care to protect them from injury.   In the case at bar the fact was conceded that the conductor struck the pole as he was swinging out around somebody and was thrown from the car and struck the plaintiff.   It may be assumed, as was said in the dissenting opinion in Davern's Case, that there was no passageway in the car, and the only practical method by which the conductor could collect the fares was by passing along the running board.   In this he was performing the duty required of him by the defendant.   There were, therefore, two concurring causes which produced the injury to the plaintiff—one the overcrowding of the car permitted by the conductor, and the other his act in coming in contact with the pole.   It will not be presumed that the conductor intentionally caused the injury to himself.   Assuming that both acts were negligent, they were such that, applying the principle of the Cattano Case, the defendant is responsible for his negligent acts.

The judgment below should be affirmed.

Judgment affirmed, with costs.   All concur, except HISCOCK, J., not voting.