## MAREINISS v. SHEERAN (two cases).

Circuit Court of Appeals, Second Circuit.
April 1, 1929.

Nos. 254, 255.

Harry S. Austin, of New York City (George F. Hickey, of New York City, of counsel), for appellants.

Henry J. Smith, of New York City (Ambrose Clogher, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). It is common knowledge that some jolting is usual when a trolley car rounds a curve. Passengers who board a crowded open car are bound to take notice of this fact and guard against being thrown down or off the car. Ward v. International R. Co., 206 N. Y. 83, 99 N. E. 262, Ann. Cas. 1914A, 1170. The railroad, on the other hand, is under an obligation to exercise care commensurate with the circumstances. It must proceed without unnecessary speed or jolting, and do whatever is reasonably practicable to prevent passengers from losing their balance and coming to injury. Gatens v. Metropolitan St. R. Co., 89 App. Div. 311, 85 N. Y. S. 967 (affirmed 181 N. Y. 515, 73 N. E. 1124); Lucas v. Metropolitan St. Ry. Co., 56 App. Div. 405, 67 N. Y. S. 833; Schaefer v. Union Ry. Co., 29 App. Div. 261, 262, 51 N. Y. S. 431; Dillon v. Forty-Second St. M. & St. N. Ave. Ry. Co., 28 App. Div. 404, 51 N. Y. S. 145.

"The exposure of a passenger to a danger which the exercise of reasonable foresight would have anticipated and due care avoided, is negligence on a part of a carrier." Lehr v. Steinway & H. P. R. Co., 118 N. Y. 556, at page 561, 23 N. E. 889, 890.

 The plaintiff's testimony, not only was to the effect that the car was going very fast, but that the speed and lurch were sufficient to throw three other passengers against her with such force that she was pushed from the car in spite of the fact that she was holding on to the front seat. Whether, upon the conflicting evidence, the speed was incompatible with the exercise of proper care for the safety of passengers, was a question for the jury, and the trial judge should not on the record have dismissed the complaint of Sarah Mareiniss.

 In the second action by the husband, it it objected that there is no proof that Philip Mareiniss was the husband of the plaintiff in the first case. But there was testimony that she had a husband in the clothing business. The motion to dismiss was made only on the ground that the plaintiff had not proved a cause of action in accordance with the complaint. It was really directed to the question of the defendant's negligence, as all the discussion in the record shows. In view of the testimony that the plaintiff had a husband, we assume from the name "Mareiniss," in which the second action is brought, that the husband is the plaintiff in the second action. On this assumption, there was at least proof of loss of *consortium* which presented a case for the jury.

Judgment reversed in each action.