·came with the pass book, and the charges for goods supplied were
entered therein in the usual course of business.  This continued with-
out variation from the beginning to the end of the dealings which
are the subject of this suit.  Payments were credited in the book from
time to time, and such payments were made by the defendant on two
or more occasions.  He retained the book, and left it with his mother
and sisters, and it was produced upon this trial by him, with entries,
subsequent to his last payments, showing a balance which was trans-
ferred to the new book, in which the dealings were continued down
to the time of the last orders.  The correctness of the plaintiff's en-
tries in the pass book was thus proved, and the books were admis-
sible in evidence.  They were continuously in the possession of the
defendant, or of the persons to whom he intrusted them, and pre-
sumably any incorrect entries would have been promptly challenged,
had any of them been prejudicial to the defendant.  This is not a
case where a tradesman seeks to recover upon the correctness of his
own books, for the pass books are, more properly speaking, the books
of his customer, or, to say the least, are the joint books of both par-
ties.  These considerations dispose of the questions in the case.  The
exceptions do not show error.

Judgment affirmed, with costs.  All concur.

---

### McGEARTY v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, Second Department.  March 2, 1897.)

1. CARRIERS—NEGLIGENCE—OVERCROWDING STATION PLATFORM.
    Negligence is a question for the jury, where defendant permitted its station
    platform to become overcrowded with persons waiting for trains, so that one
    of them was pushed off the platform, and injured.
2. SAME—OVERCROWDED PLATFORM—EVIDENCE.
    Evidence that defendant failed to erect a guard rail along a station plat-
    form is admissible in an action for negligently overcrowding the platform, so
    that plaintiff was pushed off.

Appeal from trial term, New York county.

Transferred from the First department.

Action by Thomas F. McGearty against the Manhattan Railway
Company to recover for personal injuries.   From a judgment entered
on a verdict in favor of plaintiff, and from an order denying a motion
for a new trial, made on the minutes, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

Joseph H. Adams and Julien T. Davies, for appellant.
Edgar J. Nathan and Francis L. Wellman, for respondent.

PER CURIAM.   The action is to recover damages for personal
injuries sustained by the plaintiff, occasioned by his being crowded
from the platform by the passengers assembled at the defendant's ele-
vated station at Grand street, in the city of New York, which caused
the plaintiff to fall into the street below.   The evidence given upon

the trial was conflicting, the defendant's testimony tending to establish that the plaintiff fell from the platform while trying to board the rear car of a moving train.   But upon this point the evidence warranted the jury in finding that the cause of the plaintiff's falling from the platform was on account of the overcrowding of the platform with passengers waiting to take the train for transportation over the defendant's railroad, and also to find that this condition was created by the negligence of the defendant.

It may be conceded that defendant's elevated station at Grand street is properly constructed, and is sufficient in extent to answer all of the ordinary requirements for which it is used, and accommodate the passengers who assemble there for the purpose of boarding the defendant's trains.   But the theory upon which the case was tried and submitted to the jury, and upon which the negligence of the defendant was predicated, did not necessarily involve this question. The negligence of the defendant was based, not upon any infirmity in the structure as a structure, but upon the character of its use at the particular time.   It was sufficient to accommodate ordinary traffic, for, so fast as the platform filled with passengers, they were removed by the trains of the defendant, which stopped at the station for that purpose at frequent intervals.   It is easy to see that, as there was a constant accumulation of passengers upon the platform, unless they were moved by the trains the platform of the station would become overcrowded, and that such overcrowding might render the place unsafe.   That was shown to be the condition in this case.   The trains did not remove the passengers as fast as they accumulated, and the defendant continued to sell tickets and admit passengers to the platform.   When the plaintiff entered upon the platform, it was a safe place, and he had the right to assume that no part of it would be rendered unsafe by any act of the defendant.   The obligation imposed upon the defendant was to take reasonable care in securing the safety of the passenger while upon its premises, and to see that he was exposed to no unnecessary danger while there.   The defendant must be assumed to have known the capacity of its platform, and when it had admitted passengers to the extent of such capacity.   If, when having done this, the passengers were not removed by its trains, it became its duty to permit no more to enter.   It had no more right to accumulate a crowd at the rear, which pressing forward would precipitate those at the edge of the platform into the street, than it would have the right to go upon the platform, and push them off by physical force.   The jury were authorized to find that the defendant overcrowded the platform upon this occasion, and that such overcrowding was the cause of plaintiff's fall into the street.

Upon the trial, evidence was received to show that there was no guard rail at the edge of the platform, similar to those placed at other stations upon the defendant's road.   It is true that this evidence bore upon the character of the construction, and whether sufficient or not, but it also bore directly upon the question of defendant's negligence in overcrowding the platform.   If there was no guard, then it is easy to see that persons at the extreme edge might be crowded off. when, if the rail was there, they could not be.   The absence of a rail,

therefore, had direct relation to the number of persons which might
be safely admitted to the platform before removal.

The question of the plaintiff's negligence was also a question for the
jury, upon the evidence.

The charge of the court was temperate, fair, and full, covering
every question in the case, and protecting every right to which the
defendant was entitled.

The judgment should therefore be affirmed, with costs.