until notified of its acceptance, could withdraw, and which bound neither party
until accepted, and that the rule excluding parol evidence to modify written
contracts did not apply to it, so as to exclude evidence of oral agreements en-
tered into when the order was given."

But this rule of law is not seriously questioned in the brief of the
respondents. His contention is that this objection cannot be for the
first time raised upon appeal. The motion for the nonsuit, however,
in the justice's court, was made upon the ground that the evidence did
not establish a cause of action, and, further, that the evidence did not
establish the cause of action set forth in the complaint, and, further,
that the evidence shows that the contract was legally and properly
rescinded by the defendant. We think this is sufficient to fully raise
this question in the court below, and that the defendant may now rely
upon the same in support of his contention.

We are of opinion, therefore, that the judgment was improperly
reversed by the county judge, and that the judgment of the county
court should be reversed, and that of the justice affirmed, with costs
to the appellant in this court and in the county court. All concur;
PARKER, P. J., and HOUGHTON, J., in result.

---

(91 App. Div. 378.)

DITTMAR v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. CARRIERS—SAFETY OF PASSENGERS—STATION PLATFORMS—OVERCROWDING.
    Where a street railroad company had entire charge of a platform from
    which access was obtained to its cars, and permitted passengers to go on
    the platform only after having paid their fare, the company was guilty
    of negligence in permitting the platform to become so overcrowded that
    passengers could not enter the cars in safety, and was therefore liable for
    injuries to, a passenger who was injured by being pushed by the crowd
    against the side of a car and then thrown violently into it.

Appeal from Trial Term, Kings County.

Action by Elizabeth L. Dittmar against the Brooklyn Heights Rail-
road Company. From a judgment in favor of plaintiff, and from an
order denying defendant's motion for a new trial on the minutes, it
appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

M. Nussbaum, for appellant.
Eugene V. Brewster, for respondent.

HIRSCHBERG, P. J. There are no exceptions presented by the
record, excepting those taken to the refusal of the court to dismiss
the complaint at the close of the plaintiff's case and at the close of the
entire evidence, and to the refusal of the court to direct a verdict in
favor of the defendant. There was evidence requiring a submission
to the jury of the question of the defendant's negligence, and, no claim
being made of negligence on the plaintiff's part, these exceptions pre-
sent no ground of error.

The plaintiff was employed at the time of the accident complained of,
December 17, 1901, in a department store in the borough of Manhat-

tan, and she lived in the borough of Brooklyn. On that day she started to cross the Brooklyn Bridge at 7:45 a. m., in accordance with her custom, and, on paying her fare and ascending to the platform of the bridge, was obliged to wait some 15 or 20 minutes for one of the defendant's trains. There were few people on the platform when she first reached it, but before the train arrived a crowd of passengers had collected so dense that there was no room to move, to escape, or even to turn around. She chanced to stand within a foot of the edge of the platform, and, when the train finally came, was pushed by the crowd with considerable force against the side of the car, where she was held for a moment or two, and was then thrown by the crowd violently into the car, sustaining the personal injuries which form the basis of her recovery. There is practically no dispute as to the facts. It was admitted on the argument, and is, indeed, matter of common knowledge, that passengers are required to pay their fare before being admitted to the platform. A witness for the defendant testified that the defendant had "means of keeping people from going upon the platform when there is no way of carrying them off the platform. They put up a rope across the stairway or chain, enough to keep them from going up." It was also testified to in defendant's behalf that "that is a place where they average every ten minutes thousands of passengers. And if one train is delayed for any reason, the platform would be filled to/overflowing at any time."

With the evidence of the plaintiff as to the cause and manner of the accident practically undisputed, the trial court could not lawfully have subjected her to a nonsuit. The question of the defendant's negligence under the circumstances was clearly one of fact to be resolved by the jury. The standard of duty applicable to the occasion which necessarily controls the question of the defendant's liability was succinctly laid down by Mr. Justice Bartlett of this court in Dawson v. New York & Brooklyn Bridge, 31 App. Div. 537, at page 539, 52 N. Y. Supp. 134, as follows:

"Common carriers, engaged in the transportation of large numbers of persons from stations at which such carriers control the admission of passengers to the vehicles of conveyance, are bound to exercise reasonable care so to regulate the movements and disposition of those whom they thus undertake to transport as to preserve the safety of all. This rule is deducible from the general principles governing the law of common carriers, and has been assumed in the decision of those negligence cases which have arisen from overcrowding. Graham v. Manhattan Railway Co., 149 N. Y. 336 [43 N. E. 917]; Tonkins v. N. Y. Ferry Co., 47 Hun, 562, affirmed 113 N. Y. 653 [21 N. E. 414]; Merwin v. Manhattan Railway Co., 48 Hun, 608 [1 N. Y. Supp. 267], affirmed 113 N. Y. 659 [21 N. E. 415]; McGearty v. Manhattan Railway Co., 15 App. Div. 2 [43 N. Y. Supp. 1086]. The defendants in the case at bar exercised complete control over the avenues of access to the train upon which the plaintiff took passage. It was within their power to limit the number of passengers who should be permitted to be upon the station platform at that particular time, and the number who should go or remain together upon the car platform, and it was their duty to exercise that power so far as they could reasonably foresee that a failure to exercise it would result in injury to incoming passengers."

In McGearty v. Manhattan Railway Co., 15 App. Div. 2, 43 N. Y. Supp. 1086, this court held that an elevated railroad company, which, after its platform is full, continues to sell tickets and to allow passen-

gers to go upon its platform in such numbers as to crowd a passenger already there off the platform into the street, is liable for the injury thus occasioned to him. Such liability was not based upon the fact that the platform was insufficient to accommodate ordinary traffic, or that the structure as such was defective, but was based upon the fact that the act which occasioned the injury was in effect and in law performed by the defendant itself. The court said (page 4, 15 App. Div., 43 N. Y. Supp. 1087):

"When the plaintiff entered upon the platform it was a safe place, and he had the right to assume that no part of it would be rendered unsafe by any act of the defendant. The obligation imposed upon the defendant was to take reasonable care in securing the safety of the passenger while upon its premises, and to see that he was exposed to no unnecessary danger while there. The defendant must be assumed to have known the capacity of its platform, and when it had admitted passengers to the extent of such capacity. If, when having done this, the passengers were not removed by its trains, it became its duty to permit no more to enter. It had no more right to accumulate a crowd at the rear, which, pressing forward, would precipitate those at the edge of the platform into the street, than it would have the right to go upon the platform and push them off by physical force."

It was established in this case, beyond dispute, that if the plaintiff sustained injuries on the occasion in question they were due to the act of the defendant in selling tickets and accumulating passengers upon the platform in such numbers as to render their movements uncontrollable, and that the natural rush of the crowd for the train, when it ultimately came along, was so forcible and violent as to be sufficient to inflict upon her the bodily injury of which she complains. The case cannot be distinguished from those which are herein cited, in principle, although, of course, to some extent distinguishable in fact, and it follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.