N. Y. 183, 30 Am. Rep. 289; Gilman v. Tucker, 128 N. Y. 190, 28 N. E. 1040, 13 L. R. A. 304, 26 Am. St. Rep. 464; Colon v. Lisk, 153 N. Y. 188, 47 N. E. 302, 60 Am. St. Rep. 609. The validity of a statute must be determined by the nature, character, and scope of the powers attempted to be conferred, although they may not have been actually exercised. People ex rel. Balcom v. Mosher, 163 N. Y. 32–42, 57 N. E. 88, 79 Am. St. Rep. 552. Neither can the different sections of the act authorizing the issuing of bonds be considered separately, and be held valid severally, because the bonds authorized to be issued by each section would not increase the debt limit to more than 10 per cent. Nor can one section be held valid and another invalid because the issue of the bonds authorized by the one would not increase the debt above the permitted amount, while, if there was added to such issue of bonds the amount authorized by the other section or sections, the total amount would exceed the constitutional limit. The authority to create the indebtedness must be considered as a whole, the different sections by which it is authorized read together as an entirety. The different sections must stand or fall together. So read and considered, the several sections of the act authorizing the city of Troy to borrow money to the amount of $2,300,000, and to issue bonds therefor extending over a period of more than 20 years, and providing no sinking fund for their redemption, are, for the reasons above stated, repugnant to the Constitution, and void.

The constitutionality of the act is challenged in other particulars, but, in view of the conclusions at which I have arrived upon the questions already considered, it seems to me unnecessary to discuss the other alleged defects in the act.

For the reasons above given, let an injunction issue pending the trial of the action, restraining the mayor and corporation counsel of the city of Troy from acting as members of the municipal improvement commission, and restraining said commission from borrowing money or issuing bonds pursuant to the provisions of chapter 629, p. 1493, of the Laws of 1904.

Ordered accordingly.

---

GROGAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    October 14, 1904.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—JURY QUESTION.

In an action against a carrier for injuries to a passenger, where it appeared that defendant exercised complete control over the platform from which a passenger entered its car through a window thereof, thereby inflicting injuries on plaintiff, by kicking him in the face, when no reason appeared why the defendant could not have compelled its passengers, who had congregated on the platform with the purpose of taking passage on the train in which plaintiff sat, to enter the cars through the doors, the question of defendant's negligence was for the jury.

Appeal from Trial Term, Kings County.

Action by Stephen H. Grogan against the Brooklyn Heights Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Sanders Shanks, for appellant.

I. R. Oeland, for respondent.

HOOKER, J. While riding as a passenger on one of the defendant's elevated trains, the plaintiff was injured by being kicked by one of the passengers, who entered the car through the window near which the plaintiff was sitting. This passenger, in his effort in that manner to gain access to the car, struck the plaintiff on the nose with his heel, inflicting the injuries for which this action was brought. The claim of negligence was that the defendant permitted and allowed passengers to enter trains at this station through the windows. Evidence appears in the record tending to show that the practice had been permitted by the defendant for a considerable period of time. At the close of the plaintiff's case, the defendant moved for a nonsuit, which was granted, and the plaintiff appealed.

In Lehr v. Steinway & Hunters' Point R. R. Co., 118 N. Y. 556, 561, 23 N. E. 889, 890, it is said that:

"The exposure of a passenger to a danger which the exercise of reasonable foresight would have anticipated and due care avoided is negligence on the part of a carrier."

In Dawson v. New York & Brooklyn Bridge, 31 App. Div. 537, 539, 52 N. Y. Supp. 133, 134, Mr. Justice Bartlett deduces the rule in this language:

"Common carriers, engaged in the transportation of large numbers of persons from stations at which such carriers control the admission of passengers to the vehicles of conveyance, are bound to exercise reasonable care so to regulate the movements and disposition of those whom they thus undertake to transport as to preserve the safety of all,"

—and cites the following cases as establishing that doctrine: Graham v. Manhattan Railway Co., 149 N. Y. 336, 43 N. E. 917; Tonkins v. New York Ferry Co., 47 Hun, 562, affirmed 113 N. Y. 653, 21 N. E. 414; Merwin v. Manhattan Railway Co., 48 Hun, 608, 1 N. Y. Supp. 267, affirmed 113 N. Y. 659, 21 N. E. 415; McGearty v. Manhattan Railway Co., 15 App. Div. 2, 43 N. Y. Supp. 1086.

In the Dawson Case the defendant exercised complete control over the avenues of access to the train which plaintiff entered, and it was within the defendant's power to limit the number of passengers who should be upon the station platform. Owing to the excessive crowding upon the car platform, the plaintiff there was forced over the opening between the bumpers of the two cars, and partly fell therein, his foot being crushed as the train started, and before he could extricate it. It was there held that the question was presented for the jury whether, by the exercise of a reasonable degree of foresight, the defendant could not have anticipated the danger likely to arise from such overcrowding, and have exercised such care as would have prevented the plaintiff's injuries.

In the case at bar the defendant exercised complete and exclusive control over the platform from which the passenger who inflicted the injury complained of obtained access to the train, and no reason is

suggested why the defendant could not have compelled its passengers, who had congregated upon that platform with the purpose of taking passage upon the train in which plaintiff sat, to enter the cars through the doors. We think that it can hardly be denied that a reasonable degree of foresight on the defendant's part would have indicated to it the likelihood of injuries to passengers arising from such an awkward and difficult manner of ingress, and that the record presented for the jury a question of fact whether it should not have anticipated the danger by the exercise of reasonable foresight, and have exercised such care for the safety of the passengers already in the train as to prevent others from crowding in upon them in such an unusual manner. See, also, Dittmar v. Brooklyn Heights R. R. Co., 91 App. Div. 378, 86 N. Y. Supp. 878; Viemeister v. Brooklyn Heights R. R. Co., 91 App. Div. 510, 87 N. Y. Supp. 162; Cattano v. Metropolitan Street Ry. Co., 173 N. Y. 565, 66 N. E. 563; Graham v. Manhattan R. Co., 149 N. Y. 336, 43 N. E. 917.

These views lead to the conclusion that the judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.